UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW SMEDILE, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:21-cv-00269-GZS |
| | ) | |
| DR. ROBINSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

In this action, Plaintiff, a resident of the Riverside Psychiatric Center (Riverview), seeks to assert a claim based on events that occurred at Riverview. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (Order, ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the matter without prejudice unless Plaintiff amends the complaint in accordance with this recommended decision.

**STANDARD OF REVIEW**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare

prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff attempts to assert a claim against the "CEO" of Riverview and another unknown individual. While Plaintiff's complaint is somewhat difficult to decipher, Plaintiff apparently alleges that he was improperly medicated, that he was sexually harassed or assaulted by another resident, and that he was harassed by Riverview employees. Plaintiff also included a report of a psychiatric evaluation and a report of a forensic psychologist, which reports were prepared within two months of the filing of Plaintiff's complaint.

A review of the decipherable allegations of the complaint in the context of the psychiatric and psychological reports prompts questions regarding the reliability of Plaintiff's assertions. 28 U.S.C. § 1915 provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Golden v. Coleman*, 429 Fed. App'x 73, 74 (3rd Cir. 2011) (dismissing complaint because the allegations were "fantastic, delusional, and simply unbelievable.") Plaintiff's allegations, when considered in the context of the reports, can reasonably be viewed as the type that would warrant dismissal under the Supreme Court's analysis in *Denton*. Accordingly, unless Plaintiff amends his complaint to provide more information to demonstrate the reliability of his allegations, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, unless within fourteen days from the date of this Recommended Decision, Plaintiff amends the complaint to address the concerns identified in this Recommended Decision, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of November, 2021.